UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL HOLT,<br><br>    Plaintiff,<br><br>    vs.<br><br>FIRST FRANKLIN FINANCIAL CORP., an operational subsidiary of MLB & T CO., F.S.B.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FIRST PRIORITY FINANCIAL, INC. dba HOME ONE MORTGAGE; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No: C 10-5929 SBA<br><br>**ORDER DISMISSING FEDERAL CLAIMS AND REMANDING ACTION**<br><br>Dkt. 4, 5, 12, 13, 20 |

    Plaintiff Michael Holt ("Plaintiff") initiated the instant mortgage fraud action against Defendants First Franklin Financial Corp. ("Franklin"), Mortgage Electronic Registration Systems, Inc. ("MERS") and First Priority Financial, Inc. ("Priority") in Contra Costa County Superior Court. Defendants removed the action under 28 U.S.C. §§ 1331(a) and 1441(a) based on Plaintiff's federal claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.

    The parties are presently before the Court on Franklin and MERS' motion to dismiss and motion to strike, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e),

respectively.  Dkt. 4, 5, 12, 13.  Also before the Court is Priority's Rule 12(b)(6) motion to dismiss.  Dkt. 20.  Having read and considered the papers filed in connection with this matter and being fully informed, for the reasons stated below, the Court GRANTS Defendants' motions to dismiss as to Plaintiff's TILA and RESPA claims, which are DISMISSED without leave to amend, and DENIES the pending motions in all other respects.  The Court declines to assert supplemental jurisdiction over the remaining state law causes of action and REMANDS the action to state court.  The Court finds the instant motions suitable for resolution without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

I.   **BACKGROUND**

In or about November 2006, Plaintiff met with mortgage broker Laura Cunha, an employee of Priority, to discuss obtaining a mortgage to purchase a home located at 580 Ash Street, Brentwood, California 94513.  Compl. ¶¶ 44-46, Dkt. 1.  In February 2007, Priority submitted a loan application to Franklin which, unbeknownst to Plaintiff, overstated his income.  Id. ¶ 47.  On February 20, 2007, Plaintiff executed loan documents for two adjustable rate mortgages—the first in the amount of $388,800 and the second in the amount of $97,200.  Request for Judicial Notice ("RJN") Exs. A & B, Dkt. 4-2.  Under the terms of the loans, Plaintiff's monthly payment for the first five years was $2,200, which thereafter increased to $3,700.  Compl. ¶ 47.  Franklin is the lender on both mortgages and MERS is identified as the beneficiary on the corresponding deeds of trust.  Id.

On October 22, 2010, Plaintiff filed the instant action against Franklin, MERS and Priority.  The Complaint alleges claims for:  (1) fraud; (2) constructive fraud; (3) conspiracy to defraud; (4) negligence; (5) unlawful/unfair business practices in violation of California Business and Professions Code § 17200; (6) wrongful foreclosure; (7) violation of TILA; (8) violation of RESPA; (9) restitution and rescission; and (10) declaratory and injunctive relief.   On December 28, 2010, Defendants removed the action based on federal question jurisdiction.  See 28 U.S.C. §§ 1331(a), 1441(a).  First

1 Franklin and MERS have jointly filed a Rule 12(b)(6) motion to dismiss and a Rule 12(e)
2 motion to strike portions of the Complaint. Dkt. 12, 13. Priority has separately filed a Rule
3 12(b)(6) motion to dismiss. The motions have been fully briefed and are ripe for
4 adjudication. Because the TILA and RESPA claims serve as the basis for the Court's
5 subject matter jurisdiction, the Court addresses those claims first.

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III. DISCUSSION

### A. TILA

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a); Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen

Fed. Bank, 523 U.S. 410, 412, (1998).  TILA also requires the lender to disclose to borrowers their right to rescind or cancel a transaction.  See 15 U.S.C. § 1635(a).

TILA provides that any claim for damages must be brought "within one year from the date of the occurrence of the violation[.]"  15 U.S.C. § 1640(e).  Generally, a claim for damages based on the failure to comply with TILA's disclosure requirements accrues when the loan was signed.  See King v. California, 784 F.2d 910, 914 (9th Cir. 1986).  In the instant case, Plaintiff alleges that Defendants violated TILA by understating his finance charges, understating his annual percentage rate of interest, and failing to provide unspecified disclosures at the time his loan closed on February 20, 2007.  See Compl. ¶ 159.  However, Plaintiff did not file his Complaint until October 22, 2010, which is more than one year after the loan documents were executed.  Therefore, Plaintiff's claim for damages under TILA is time-barred on the face of the Complaint.  See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (stating that a statute of limitations defense may be raised by a motion to dismiss if "the running of the statute is apparent on the face of the complaint.").

In his opposition, Plaintiff does not dispute that his TILA claim for damages is time-barred, as currently pled.  Instead, Plaintiff states that he "seeks leave to amend to state facts regarding tolling of the statute of limitations and the more specific violations of these laws."  Pl.'s Opp'n at 16, Dkt. 27.  In determining whether the grant leave to amend, it is appropriate for the Court to consider the "new" facts presented in the plaintiff's opposition. Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.") (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)).  Although Plaintiff claims that he seeks leave to amend to allege a claim for equitable tolling and "more specific violations," he neglects to identify any facts to support his request.  In the absence of such facts, leave to amend need not be granted.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)) (holding that a court may properly deny a

motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.") (citing Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990)). Therefore, the Court dismisses Plaintiff's seventh claim under TILA without leave to amend.[1]

### B. RESPA

Plaintiff's eighth cause of action alleges a RESPA claim against Franklin. Congress enacted RESPA to shield home buyers "from unnecessarily high settlement charges by certain abusive practices." 12 U.S.C. § 2601(a). The purpose of RESPA was to effect certain changes in the settlement process that will result, inter alia, "in more effective advance disclosure to home buyers and sellers of settlement costs" and "in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(b)(1), (2). RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f). Patague v. Wells Fargo Bank, N.A., No. C 10-03460 SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010) (Armstrong, J.).

Plaintiff alleges that Franklin's payment of a yield spread premium violates 11 U.S.C. § 2607(b). Compl. ¶ 169. Claims brought under § 2607 are subject to a one-year limitations period, which commences to run when loan closes. 12 U.S.C. § 2614; Snow v. First Am. Title Ins. Comp., 332 F.3d 356, 359 (5th Cir. 2003) (RESPA claim accrues at closing). Here, Plaintiff's loans closed on February 20, 2007, but Plaintiff did not file suit

---

[1] The Complaint does not allege a claim for rescission under TILA. But even if it had, such claim would be time-barred under TILA's three-year statute of repose. See 15 U.S.C. § 1635(f).

until more than three years later on October 22, 2010.  As such, it is clear from the face of the Complaint that Plaintiff's RESPA claim is time-barred.  Although Plaintiff has made a conclusory request for leave to amend, he has failed to allege any facts in support of such request.  Accordingly, Plaintiff's RESPA claim is dismissed without leave to amend.  See Bonin, 59 F.3d at 845.

### C. SUPPLEMENTAL STATE LAW CLAIMS

All of Plaintiff's remaining claims are based on state law.  When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte exercise its discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).  Given the lack of any remaining federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's law causes of action, which are remanded to state court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motions to dismiss are GRANTED as to Plaintiff's seventh claim under TILA and eighth claim under RESPA, which are DISMISSED without leave to amend.  The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law causes of action, and therefore, Defendants' motion to dismiss and motion to strike are DENIED as moot with respect to such claims.

2. The instant action is REMANDED to the Contra Costa County Superior Court. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: September 30, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge